IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEOPOLDO RAMON, JR., | § | |
|    Movant, | § | |
| | § | |
| v. | § | NO. 3:18-cv-3103-L (BT) |
| | § | NO. 3:97-cr-0310-L (BT) |
| UNITED STATES OF AMERICA, | § | |
|    Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference.  For the following reasons, the case should be dismissed.

I.

Movant filed a motion for appointment of counsel to challenge his sentence.  The Court construed the motion as a petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.  On November 21, 2018, the Court sent Movant a § 2255 form and ordered him to either complete the form or withdraw his petition within thirty days of the Court's order.  More than thirty days have passed, and Movant has failed to respond to the Court's order.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir.

1

1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, the Court ordered Movant to either fill out the § 2255 form asserting his claims, or to withdraw his petition. Movant has failed to respond to the Court's order. This litigation cannot proceed until Movant states the claims he intends to raise. Accordingly, the petition should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

### III.

This civil action should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

Signed January 16, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).